UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs. 2:11-cr-97-FtM-29SPC

NEHEME DUCTANT
RICK JEAN
WILMANE JEAN
ERIC BONITA
_____

**OPINION AND ORDER**

This matter comes before the Court on the following post-trial motions: (1) defendant Neheme Ductant's Motion for Judgment of Acquittal, Notwithstanding the Verdict or, in the Alternative, for a New Trial (Doc. #387); (2) defendant Wilmane Jean's Motion for Judgment of Acquittal, Notwithstanding the Verdict or, in the Alternative, for a New Trial (Doc. #392); (3) defendant Rick Jean's Motion for Judgment of Acquittal, Notwithstanding the Verdict or, in the Alternative, for a New Trial (Doc. #393); and (4) defendant Eric Bonita's Motion for Judgment of Acquittal, Notwithstanding the Verdict or, in the Alternative, for a New Trial (Doc. #399). The United States filed an Omnibus Response (Doc. #407).

The legal principles that apply in deciding a motion for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c) are well-established:

> In considering a motion for the entry of a judgment of acquittal, a district court must view the evidence in the

> light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. The prosecution need not rebut all reasonable hypotheses other than guilt. The jury is free to choose between or among the conclusions to be drawn from the evidence presented at trial, and the district court must accept all reasonable inferences and credibility determinations made by the jury. The District Court's determination that the evidence introduced at trial was insufficient to support the jury's verdict of guilt is [an] issue of law entitled to no deference on appeal.

United States v. Miranda, 425 F.3d 953, 959 (11th Cir. 2005) (quoting United States v. Sellers, 871 F.2d 1019, 1021 (11th Cir. 1989)(internal citations omitted)). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v. Merrill, 513 F.3d 1293, 1299 (11th Cir. 2008) (internal quotation marks and citation omitted).

Applying these principles to the evidence presented in this case, the Court finds that the government met its burden as to all of the elements of each count upon which a conviction was found, and that a reasonable jury could have found each defendant guilty beyond a reasonable doubt as to the counts of conviction. Therefore, the motions pursuant to Federal Rule of Criminal Procedure 29 for a Judgment of Acquittal will be denied.

Defendants also maintain that a new trial should be granted in the interest of justice under Fed. R. Crim. P. 33 because the

verdicts are contrary to law, the evidence, and the manifest weight of the evidence.  Unlike a Rule 29 motion, Rule 33 allows the district court to weigh the evidence and consider the credibility of the witnesses, although to grant such a motion "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand."  Butcher v. United States, 368 F.3d 1290, 1297 (11th Cir. 2004).

Applying this standard to the evidence presented at trial, it is the Court's view that the verdicts of guilty are not against the weight of the evidence.  Having heard the evidence and making independent credibility determinations, the Court fully agrees with the guilty verdicts in this case.

Additionally, there is no legal issue which precludes conviction on each of the counts on which defendants were convicted.  The Court did not err in its evidentiary rulings, in the denials of defendants' oral Rule 29 motions, or in denial of the motion to suppress interceptions of wire communications.

Accordingly, it is now

**ORDERED:**

1.  Defendant Neheme Ductant's Motion for Judgment of Acquittal, Notwithstanding the Verdict or, in the Alternative, for a New Trial (Doc. #387) is **DENIED.**

2. Defendant Wilmane Jean's Motion for Judgment of Acquittal, Notwithstanding the Verdict or, in the Alternative, for a New Trial (Doc. #392) is **DENIED**.

3. Defendant Rick Jean's Motion for Judgment of Acquittal, Notwithstanding the Verdict or, in the Alternative, for a New Trial (Doc. #393) is **DENIED**.

4. Defendant Eric Bonita's Motion for Judgment of Acquittal, Notwithstanding the Verdict or, in the Alternative, for a New Trial (Doc. #399) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __31st__ day of October, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record