UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                            CASE NO: 2:11-cr-97-JES-NPM

RICK JEAN
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Sentence Reduction Under 18 U.S.C. §3582(c)(1)(A) (Doc. #885) filed on July 19, 2024. The government filed a Response in Opposition (Doc. #885) on July 19, 2024.

*I.*

On September 5, 2012, a federal grand jury in Fort Myers, Florida returned a twelve-count Second Superseding Indictment (Doc. #282) charging Petitioner and six co-defendants with various drug offenses. Count One charged Petitioner and six others with conspiracy to manufacture, possession with intent to distribute, and distribution of 280 grams or more of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) and 846. Petitioner was also charged in Counts Five and Six with distribution and aiding and abetting the distribution of cocaine base, also known as crack cocaine, in Count Seven with distribution of crack cocaine and in Count Eight with possession with intent to distribute cocaine, all in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On September 14, 2012, the

government filed a Notice of Intention to Use Prior Convictions to Enhance the Penalty (Doc. #322) pursuant to 21 U.S.C. § 851 making defendant eligible for an enhanced penalty of a minimum mandatory term of no less than 20 years on Count One, and a maximum term up to 30 years on the other counts based on his felony drug offenses for (1) cocaine/sell/man/deliver/possess within intent and (2) sale or delivery of cocaine in 2010.

The Court conducted an eleven-day trial of Jean and his co-defendants Jude Sereme, Neheme Ductant, Jophaney Hyppolite, Wilmane Jean, and Eric Bonita. On October 3, 2012, a Rule 29 motion was granted as to Counts Six and Seven, leaving Counts One and Eight of the Second Superseding Indictment. (Doc. #377.) On October 5, 2012, the jury returned verdicts and found defendant guilty of Counts One and Eight. (Doc. #383.) As to Count One, the jury found that the amount of cocaine base involved in the conspiracy was more than 280 grams. On October 31, 2012, the Court denied defendant's Motion for Judgment of Acquittal, Notwithstanding the Verdict or, in the Alternative, for a New Trial. (Doc. #409.)

At sentencing on April 12, 2013, defendant's Motion for Below Guideline Sentence (Doc. #521) was granted for the reasons stated on the record related to defendant's role and criminal history. Defendant was sentenced to 240 months as to each count, to be served concurrently, followed by a term of supervised release for

each count to run concurrently. (Doc. #522.) The sentence and convictions were affirmed on appeal. (Doc. #627); United States v. Hyppolite, 609 F. App'x 597, 599 (11th Cir. 2015).

On March 28, 2019, the Court denied habeas relief under 28 U.S.C. § 2255. (Doc. #718.) On November 20, 2020, the Court denied defendant's Motion for relief under Section 401 of the First Step Act and for compassionate release based on the non-retroactivity of Section 401. Doc. #795; United States v. Hyppolite, No. 2:11-CR-97-FTM-29NPM, 2020 WL 6817539 (M.D. Fla. Nov. 20, 2020). On October 13, 2020, the Court denied relief under Section 404 of the First Step Act and to the extent that he sought relief under Section 401. (Doc. #783.) On August 1, 2022, and August 25, 2022, the Court denied two additional motions for reduction under the First Step Act. (Docs. #811, #815.) On October 19, 2022, the Court denied another motion for reduction finding no "specific legal basis for a reduction in sentence" and no extraordinary and compelling circumstances. (Doc. #824.)

## II.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). As applicable here, the Court may not modify a term of imprisonment except upon motion of the Director of the Bureau of Prisons or a motion by defendant if the Court finds "extraordinary and compelling reasons

warrant such a reduction" and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). After an inmate exhausts administrative rights[1], the Court may reduce a sentence after considering factors set forth in 18 U.S.C. § 3553(a) and if the Court determines that at least one of six reasons apply. Effective November 1, 2023, this includes that an "unusually long sentence" had been imposed:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

---

[1] Defendant checked off "Yes, I submitted a request for compassionate release to the warden on (date)." (Doc. #882.) The date was left blank, but defendant provides June 20, 2024, as the date that the request was denied and attached the Response. (Id.; Doc. #882-1.) The government confirms that defendant exhausted his administrative remedies ("The defendant has exhausted his administrative remedies with the BOP based upon the denial of his request for reduction in sentence, his subsequent appeal of the same and the lapse of time since he sought his appeal of the denial") but later argues that defendant failed to exhaust because no substantiating documentation is attached. (Doc. #885, pp. 3, 4.) The Court finds that defendant has exhausted his administrative remedies.

U.S. Sentencing Guidelines Manual (U.S.S.G.) § 1B1.13(b)(6). Defendant must also not be a "danger to the safety of any other person or the community" and the reduction must be "consistent with this policy statement." U.S.S.G. § 1B1.13(a). It is uncontested that defendant has served at least 10 years of his term of imprisonment. (Doc. #885 at 5.)

### A. Commission Authority

As a threshold matter, the government takes the position that "[a]lthough Congress has delegated broad authority to the Sentencing Commission, subsection (b)(6) is contrary to the text, structure, and purpose of 18 U.S.C. § 3582(c)(1)(A) and 28 U.S.C. § 994(a), and is therefore invalid." (Doc. #885 at 10.) The Court is not persuaded.

The Commission promulgates guidelines for a sentencing court to use in determining the sentence to be imposed and makes "general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation that in the view of the Commission would further the purposes" of Section 3553(a)(2), including modification provisions under Section 3582(c). 28 U.S.C. § 994(a)(2)(C). "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria

to be applied and a list of specific examples." 28 U.S.C. § 994(t). "There is no question that 1B1.13 is *the* policy statement the Commission adopted to comply with this statutory mandate…. In other words, the statutory context shows us that the Commission had an obligation to define 'extraordinary and compelling reasons' for all motions under the statute, and that the Commission did so in 1B1.13." United States v. Bryant, 996 F.3d 1243, 1255 (11th Cir. 2021) (emphasis in original) (internal citations omitted). The Court finds that the amendment to 1B1.13 was within the Commission's power. United States v. Allen, __ F. Supp. 3d __, No. 1:09-CR-320-TCB, 2024 WL 631609, at *5 (N.D. Ga. Feb. 12, 2024) ("Because the Eleventh Circuit has never held that nonretroactive changes cannot be extraordinary and compelling reasons, this Court can accept § 1B1.13(b)(6)'s validity and applicability.").

### B. Application to Current Case

The Court follows a three-step process: (1) determine whether defendant meets the criteria for an "unusually long sentence" for a reduction in that sentence; (2) determine whether defendant is dangerous to the safety of others; and (3) apply 3553(a) factors to evaluate whether a reduction is warranted. United States v. Elie, 6:09-cr-50-ACC-DCI, Doc. #138 at 15 (M.D. Fla. May 3, 2024).

Under the new "unusually long sentence" amendment, "if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement,

a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." U.S.S.G. § 1B1.13(c). Thus, the Court may consider the impact of the change in law "where (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least ten years of the sentence; and (c) an intervening change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, the change in law can qualify as an extraordinary and compelling reason after the court has fully considered the defendant's individualized circumstances." AMENDMENTS TO THE SENTENCING GUIDELINES, at 7 (U.S. Sent'g Comm'n Apr. 27, 2023)(effective Nov. 1, 2023).[2]

Defendant argues that his sentence would be lower under today's guidelines with a minimum mandatory of 15 years. (Doc. #882 at 4.) Under the March 21, 2013, sentencing guidelines, a base offense for at least 280 grams but less than 840 grams of cocaine base was 32. With the addition of 2 levels for maintaining a trap house for distribution and an adjustment as a manager or supervisor, the adjusted offense level became 37. Defendant had no Chapter 4 enhancements but a criminal history category of IV and an imprisonment range of 292 to 365 months. The statutory

---

[2] https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023.

provisions required a minimum term of imprisonment on Count One of 20 years to life and a maximum of 30 years on the other counts. The Court granted a variance and imposed the same sentence as co-defendant Francois of 240 months who also had a criminal history category of IV.

Under the current guidelines, because defendant's offenses involved at least 280 grams of crack cocaine but less than 840 grams, his base offense level would be 30, U.S.S.G. § 2D1.1(c)(5), and defendant would be subject to a statutory term of 10 years to life for having a prior conviction for a serious drug felony, 21 U.S.C. § 841(b)(1)(B)(iii).  Adding the 5 levels and a lower adjusted offense level of 35, defendant's guideline range would now be 235 to 293 months without the statutory term.  Defendant's sentence 240 months is near the lower end of the new guideline range based on the variance, therefore there is no gross disparity between sentences and defendant's sentence was not unusually long.

The Court finds no extraordinary or compelling basis to reduce defendant's sentence.  Having found no applicable extraordinary or compelling reason, the Court need not address whether defendant poses a danger or the Section 3553(a) factors individually.  If there are such "extraordinary and compelling reasons" for compassionate release, the district court has the discretion to reduce the defendant's term of imprisonment after considering the applicable Section 3553(a) factors.  United States v. Monaco, 832

F. App'x 626, 629 (11th Cir. 2020).  "[I]f the district court finds that no extraordinary and compelling reason exists, then it cannot reduce the inmate's sentence—even if the § 3553(a) factors favor doing so.".  United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. 2021).  The motion will be denied.

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion for Sentence Reduction Under 18 U.S.C. §3582(c)(1)(A) (Doc. #885) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this __26th__ day of August 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record